MIGUEL MIRANDA ,
              Petitioner

v.                                        CIVIL ACTION NO. 15-10248-GAO

JEH C. JOHNSON, ET AL.,
              Respondents.

## TRANSFER ORDER

O'TOOLE,  D.J.

      Petitioner Miguel Miranda, a native and citizen of the U.S. Virgin Islands,  instituted this habeas action pursuant to 28 U.S.C. § 2241 challenging his continued post-removal detention by Immigration Customs Enforcement ("ICE") of the Department of Homeland Security and claims that his continued detention violates his constitutional rights under the principles of due process articulated by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).  Miranda filed this action on February 2, 2015, while confined to the Etowah County Detention Center in Gadsden, Alabama.  In his petition, he argues that venue is proper in the District of Massachusetts and states, among other things, that the majority his detention was spent in the District of Massachusetts.  On April 20, 2015, he filed a motion to adjudicate the habeas petition.

      Under 28 U.S.C. § 2241, a federal court has the authority to entertain a petition for a writ of habeas corpus brought a petitioner who is within the court's jurisdiction at the time the petition is filed.  See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").  Moreover, a habeas petitioner challenging the legality of his detention normally must name his immediate custodian, "the individual having day to day control over the facility in which he is

being detained" as the respondent to the petition.  Id.  at 434;  Vasquez v. Reno, 233 F.3d 688,

694 (1st Cir. 2000)(a petitioner's legal custodian is the individual having day-to-day control over

the facility in which petitioner is being detained), cert. denied, sub nom. Vasquez v. Ashcroft,

534 U.S. 816 (2001); 28 U.S.C. §  2243 (a writ of habeas corpus must be "directed to the person

having custody of the person detained.").

Because Miranda is confined within the Northern District of Alabama, this court is

without jurisdiction to entertain the petition.  Federal courts are courts of limited jurisdiction and

therefore are obligated to police their own jurisdiction. Rodrigues v. Genlyte Thomas Grp. LLC,

392 F. Supp. 2d 102, 106 (D. Mass. 2005) (citing Fafel v. Dipaola, 399 F.3d 403, 410 (1st

Cir.2005)).

Under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest

of justice, a district court may transfer any civil action to any other district or division where it

might have been brought..."  28 U.S.C. § 1404(a).    Although the petition has not yet been

served on the government, it is appropriate for this court to consider the issue of transfer sua

sponte because subject matter jurisdiction is never presumed, see Fafel, 399 F.3d at 410

(quotation omitted), and the parties cannot waive jurisdiction.  See Espinal–Dominguez v. P.R.,

352 F.3d 490, 495 (1st Cir. 2003) ("litigants cannot confer subject matter jurisdiction on a

federal court by 'indolence, oversight, acquiescence, or consent' ") (quoting United States v.

Horn, 29 F.3d 754, 768 (1st Cir.1994)).  Moreover, "[i]t is well settled that a court may transfer a

case sua sponte pursuant to 28 U.S.C. §§ 1404(a)...." Desmond v. Nynex Corp., 37 F.3d 1484,

1994 WL 577479, *3 (1st Cir. 1994); see also United States ex rel. Ondis v. City of Woonsocket,

RI, 480 F.Supp.2d 434, 436 (D. Mass. 2007).

Because Miranda presents a colorable claim for habeas relief, the court finds that it is in

the interest of justice to transfer the action to the district of his confinement.

Accordingly, it is ordered that (1) petitioner's motion to adjudicate (# 6) is GRANTED and (2) the Clerk of the Court TRANSFER this action to the United States District Court for the Northern District of Alabama and close the action in this district.

SO ORDERED.

 May 18, 2015                              /s/ George A. O'Toole, Jr.
DATE                                        GEORGE A. O'TOOLE, JR.
                                            UNITED STATES DISTRICT JUDGE